EFFRON, Judge
(concurring in part and in the result):
I agree with the lead opinion that: (1) Military Rule of Evidence 412 [hereinafter M.R.E.] is not limited to cases involving noneonsensual sexual offenses; (2) in considering whether evidence is admissible under the rule, the military judge must first consider whether the evidence is relevant; (3) if the evidence is not relevant, it is not admissible; and (4) the military judge in this case did not err in concluding that the evidence offered by defense was inadmissible because it was not relevant.
After concluding that the military judge did not err, the lead opinion offers a variety of observations regarding the treatment of relevant evidence under M.R.E. 412. Although there are many instances in which it is appropriate for an appellate court to discuss matters beyond the narrowest possible holding, a degree of caution may be in order when dealing with a developing area of law that is highly fact-dependent. The treatment of relevant evidence under M.R.E. 412 is such an area.
M.R.E. 412 involves numerous unresolved interpretative matters. Perhaps the most difficult aspect of the rule involves the issue of when relevant evidence that is otherwise excluded under the rule must nonetheless be admitted because exclusion of the evidence “would violate the constitutional rights of the accused.” M.R.E. 412(b)(1)(C). See, e.g., 1 Stephen A. Saltzburg et al., Military Rules of Evidence Manual 4-186-88 (5th ed.2003). Stephen A. Saltzburg et al., 2 Federal Rules of Evidence Manual 412-7-10 (8th ed.2002). This is an area in which most cases are likely to involve evidentiary considerations common to both civilian and military trials. In that context, we should not constrain military judges in future trials from considering a wide range of judicial opinions from other courts, as well as scholarly works, when confronting M.R.E. 412 relevancy issues not governed by our precedents. Under these circumstances, I respectfully decline to join that portion of the lead opinion that addresses admissibility of relevant evidence under M.R.E. 412.